**Affirmed and Opinion Filed October 25, 2022**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

_____

**No. 05-22-00130-CR**
_____

**TERRANCE DARRELL WILLIAMS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court at Law No. 1**
**Collin County, Texas**
**Trial Court Cause No. 001-86191-2020**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Nowell, and Justice Smith
Opinion by Chief Justice Burns

Terrance Darrell Williams appeals the trial court's judgment convicting him of indecent exposure. The jury found him guilty, and the trial court assessed his punishment at 90 days of confinement. In one issue on appeal, Williams argues the evidence is insufficient to support his conviction. We conclude the evidence is sufficient and affirm the trial court's judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

M.D. worked at an Econo Lodge. Her responsibilities included preparing a cart with towels, shampoo, and soap, and placing those items in the guest rooms as needed. She also helped to clean the rooms.

Williams was staying at the Econo Lodge in room 211. While M.D. was stocking her cart on the second floor, Williams opened the door and asked her for shampoo and soap. M.D. gave him the items and observed that he was wearing only a pair of shorts; he was not wearing a shirt. After a short time, Williams called to M.D. again and requested a towel. When she went to the doorway to bring him the towel, Williams was no longer wearing any clothes and was masturbating. M.D. told Williams he was "gross" and that she was going to call the police, turned around, and left the area.

M.D. went downstairs, told her manager, Gina Poonawalla, what had happened. Poonawalla observed that M.D. was distraught and upset and advised her to call the police. M.D. telephoned the police. Meanwhile, Williams, who was now clothed, followed M.D. downstairs to where she was with her manager and said, "I'm sorry, I'm sorry."

In response to M.D.'s call, Officer Tony Nguyen of the Richardson Police Department went to the Econo Lodge. After speaking with M.D., he went to room 211, but when he knocked on the door there was no response. However, after hearing a loud noise in the room, he knocked again and identified that he was with the police. Williams opened the door, and Officer Nguyen observed that he was agitated and defensive. Williams denied the allegations.

Officer Nguyen went back to the front desk and asked the manager what area the security camera covered. The manager stated that it only covered the hallway.

Officer Nguyen also observed the monitors showing the live footage of the security cameras and determined the security camera would not have captured anything related to the alleged offense. The police did not obtain the video footage.

Williams was charged by information with the offense of indecent exposure. A jury trial was held and Williams was found guilty. The trial court assessed his punishment at 90 days of confinement.

## II. SUFFICIENCY OF THE EVIDENCE

In his sole issue on appeal, Williams argues the evidence is insufficient to support his conviction for indecent exposure because it does not establish the element requiring that he acted with the intent to arouse or gratify his sexual desire or that of others. He contends the evidence was so inconsistent and confusing that a jury was unable to infer intent from his actions, and therefore, it engaged in impermissible speculation when determining his intent. Specifically, Williams maintains that M.D.'s testimony amounted to "pure speculation" because she saw him briefly, turned away quickly, and was unable to recall whether he had an erection or describe the masturbation she observed. Also, he argues M.D. saw him in the privacy of his hotel room and he "may [have been] having a difficult morning and just wanted a towel and been unaware of what, if anything, he was doing." Further, he claims the testimony relating to what the security video would have depicted was inconsistent and the police did not obtain the video, which was "not preserved." The State responds that Williams knew M.D. was in the hallway, he

called her to him while he was naked and masturbated with his penis in his hand in front of M.D., and he later apologized to her. Also, the State argues that the law relating to indecent exposure does not require that the offense occur in a public place, and the act of masturbation is meant to arouse or gratify sexual desires.

## A. Standard of Review

Under the Due Process Clause, a criminal conviction must be based on legally sufficient evidence. *Harrell v. State*, 620 S.W.3d 910, 913 (Tex. Crim. App. 2021). When reviewing the sufficiency of the evidence, an appellate court considers all of the evidence in the light most favorable to the verdict to determine whether the jury was rationally justified in finding guilt beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979); *Harrell*, 620 S.W.3d at 913–14. Further, an appellate court is required to defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight assigned to their testimony. *See Jackson*, 443 U.S. at 319, 326; *Harrell*, 620 S.W.3d at 914. An appellate court will consider all evidence when reviewing the sufficiency of the evidence, whether direct or circumstantial, properly or improperly admitted, or submitted by the prosecution or defense. *Jenkins v. State*, 493 S.W.3d 583, 599 (Tex. Crim. App. 2016).

## B. Applicable Law

A person commits the offense of indecent exposure if he exposes any part of his genitals with intent to arouse or gratify the desire of any person, and he is reckless

about whether another is present who will be offended or alarmed by his act. TEX. PENAL CODE ANN. § 21.08(a); *Romano v.* State, 610 S.W.3d 30, 34–35 (Tex. Crim. App. 2020). A person acts "recklessly" when he is (1) subjectively aware of a substantial and unjustifiable risk that specific circumstances existed and (2) consciously disregards that risk. PENAL § 6.03(c); *Romano*, 610 S.W.3d at 35. The risk must be of such a nature and degree that it constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint. PENAL § 6.03(c); *Romano*, 610 S.W.3d at 35.

The State is required to prove the defendant's genitals were exposed, not that the victim actually saw his genitals. *Nix v. State*, No. 05-12-00095-CR, 2014 WL 3828207, at *3 (Tex. App.—Dallas Aug. 5, 2014, pet. ref'd) (mem. op., not designated for publication). Evidence that the defendant was naked from the waist down is sufficient to illustrate exposure. *Id.*

The statute does not require the accused to intend that his exposure to the other party result in his sexual gratification; it merely requires that he actually expose himself while intending to arouse or gratify his or another's sexual desire. *Malcolm v. State*, No. 05-17-01488-CR, 2019 WL 2521717, at *4 (Tex. App.—Dallas June 19, 2019, pet. ref'd) (mem. op., not designated for publication). The offense is based on the defendant's actions and mental state, not the other person's comprehension. *Nix*, 2014 WL 3828207, at *3. Further, § 21.08 makes no distinction in the mens

rea required for public versus non-public indecent exposures. *Compare* § 21.08 (indecent exposure) *with* § 21.07 (public lewdness).

By its nature, a culpable mental state must generally be inferred from the circumstances. *Romano*, 610 S.W.3d at 35. A court cannot read a defendant's mind, and absent a confession, it must infer his mental state from his acts, words, and conduct. *Id.*

### C. Application of the Law to the Facts

On appeal, the only element at issue is whether Williams exposed any part of his genitals with intent to arouse or gratify the desire of any person. M.D. testified that while she was in the hallway, Williams called out to her and requested a towel. When she brought a towel to Williams's room, he was not wearing any clothes and was masturbating. She also stated that Williams followed her downstairs, now clothed, to where she was with her manager and said, "I'm sorry, I'm sorry." Poonawalla testified that M.D. came downstairs distraught and upset, and she advised M.D. to call the police. From this evidence a rational jury could have found Williams exposed any part of his genitals with intent to arouse or gratify the desire of any person.

Although Williams contends that M.D. could not state whether he was erect, the statute does not require the he intended his exposure to result in his sexual gratification, it merely requires that he actually expose himself while intending to arouse or gratify his or another's sexual desire. *See Malcolm*, 2019 WL 2521717, at

–6–

\*4.  In addition, the State was required to prove only that Williams's genitals were exposed, not that M.D. actually saw his genitals.  *See Nix*, 2014 WL 3828207, at \*3.

Further, Williams maintains that he was in the privacy of his hotel room when the alleged events occurred because he did not exit his room or go into the hallway.  However, the indecent exposure statute does not distinguish between public versus non-public exposures.  *Compare* § 21.08 (indecent exposure) *with* § 21.07 (public lewdness).

To the extent that Williams challenges the sufficiency of the evidence on the basis of a conflict of evidence, it is actually an attack on the credibility and weight assigned to the evidence by the jury.  We are required to defer to the jury's credibility and weight determinations.  *See Jackson*, 443 U.S. at 319, 326; *Harrell*, 620 S.W.3d at 914.

After reviewing the evidence, we conclude that a rational jury could have found the elements of the offense beyond a reasonable doubt.  Accordingly, we conclude the evidence is sufficient to support Williams's conviction for indecent exposure.

Issue one is decided against Williams.

## III.  CONCLUSION

The evidence is sufficient to support Williams's conviction.

The trial court's judgment is affirmed.

/Robert D. Burns, III/
ROBERT D. BURNS, III
CHIEF JUSTICE

Do Not Publish
TEX. R. APP. P. 47

220130F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

TERRANCE DARRELL
WILLIAMS, Appellant

No. 05-22-00130-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 1, Collin County, Texas Trial Court Cause No. 001-86191-2020.
Opinion delivered by Chief Justice Burns. Justices Nowell and Smith participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered October 25, 2022